ROBERT L. BLAND, Judge,

dissenting.

I deeply regret that I find myself at variance with my distinguished colleagues in the determination which they have made of this case. My chief opposition to the determination made of the claim grows out of the manner in which it was presented to this court, prosecuted and determined.
I would not for a moment wish to be understood as saying what I would do or would not do if the claim had been prosecuted under the regular procedure of the court. I quite agree with Judge Cairn, who wrote the majority opinion of the court, that in the Price case, cited by him, our Court of Appeals held very distinctly that in certain circumstances a valid appropriation of the public funds of the state might be made by the legislature when *74 it appeared from the evidence that a moral obligation existed on the part of the state. My colleagues, however, overlook the difference between the maimer in which the Price case was prosecuted in the court of claims and the manner in which the instant case was heard. In the Price case the claimant introduced testimony at the bar of the court where the members of the court had an opportunity to see the witnesses, exmaine them and where the state had a like opportunity to introduce its witnesses in opposition to the claim and have them examined and cross-examined by members of the court. In the one case, there was a full, open and complete hearing and investigation made; in the other case the court could only informally consider the claim on the ex parte record of the head of the agency concerned. I sometimes wonder whether or not if the head of an agency who is so quick and ready to concur in a claim for damages against the state of West Virginia — damages for which he himself by his concurrence in the claim shows himself to be guilty and responsible — would do so if he had to pay the money out of his own pocket. This case, in my judgment merely confirms and establishes the truth which I have been contending for some time now that the shortened procedure provision provided by the court act is a detriment rather than a help to a thorough investigation of the claim presented. If the legislature had intended to give to the head of a state agency the power to concur in the claim and have it passed when approved by the attorney general, it could easily have provided a revolving fund out of which such payments could be made. This, however, the Legislature did not do. On the contrary it created a court of claims, consisting of three members, who are charged with the duty and responsibility of conducting such investigation of every claim filed that would fully disclose the merits of the claim and whether or not it should be classified as an approved claim. I think the shortened procedure provision of the court of claims act should be abolished and that all claims, large and small, should be heard under the regular procedure of the court act.
For the reasons herein set forth I respectfully note this my dissent to the award made in this case.